IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CALVERT, | No. CIV S-06-1564 DFL DAD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF ISLETON, et al., | |
| Defendants. | |
| _____/ | |
| RONALD SWEPSTON, | |
| Cross-Complainant, | |
| v. | |
| STEVEN CALVERT, et al., | |
| Cross-Defendants. | |
| _____/ | |

This action came before the undersigned[1] on December 1, 2006, for hearing of two motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] This case was referred to the undersigned on September 12, 2006, by minute order citing Local Rule 72-302(c)(21). However, Local Rule 72-302(c)(21) applies only when all plaintiffs or all defendants are proceeding in propria persona. In this case, all parties are proceeding through counsel except for defendant/cross-complainant Swepston. Thus, the referral appears to have been made pursuant to Local Rule 72-302(a).

1

Procedure. In the first motion, defendants City of Isleton, City Council of the City of Isleton, and Jim Miller ("City defendants") seek dismissal of three causes of action alleged in plaintiff's amended complaint. In the second motion, plaintiff Steven Calvert seeks dismissal of the claims alleged against him in defendant Ronald Swepston's cross-complaint. At the hearing on December 1, 2006, attorneys G. Richard Brown and Kara K. Ueda appeared for plaintiff Calvert. Attorney Eric W. Davis appeared for the City defendants. Defendant Swepston, proceeding pro se, appeared on his own behalf.[2]

Upon hearing the parties' arguments, the undersigned took both motions under submission. For the reasons set forth below, the undersigned now recommends that the City defendants' motion be granted as to one of the three claims at issue and denied as to the other two claims, and that plaintiff's motion be granted as to all claims alleged against plaintiff in defendant Swepston's cross-complaint.

PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint in state court on April 14, 2006. Plaintiff filed an amended complaint in that court on June 13, 2006. The City defendants removed the case to federal court on July 13, 2006.

On July 26, 2006, defendants Del Valle Capital Corporation, Inc. and Steven Rosenthal filed an answer to plaintiff's amended complaint. On September 26, 2006, the City defendants filed their motion to dismiss. On the same date, defendant Swepston filed an answer to plaintiff's amended complaint together with his cross-complaint against plaintiff and the City of Isleton. On October 17, 2006, plaintiff filed his motion to dismiss. On November 22, 2006, the City defendants filed an answer to the cross-complaint.

The Status (Pretrial Scheduling) Conference set for November 3, 2006 was vacated in light of the pending motions. No scheduling order has been issued.

---

[2] The pending motions do not involve defendants Del Valle Capital Corporation, Inc. and Steven Rosenthal. Neither defendant made an appearance at the hearing on December 1, 2006.

2

STANDARDS FOR MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the entire complaint or any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court must accept as true all material allegations in the complaint and construe those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court must "presume that general allegations embrace those specific facts that are necessary to support the claim." NOW, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Although the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), the court must resolve doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. NOW, Inc., 510 U.S. at 256; Hishon, 467 U.S. at 73; Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

DISCUSSION

Plaintiff Steven Calvert owns real property in the City of Isleton. This case arises from a dispute over sewer lines. The City defendants are the City of Isleton, the City Council of

Isleton, and Jim Miller, who is now deceased but was the City's building inspector when the dispute arose. Defendant Swepston owns real property across the road from plaintiff's property. Defendant Del Valle Capital Corporation owns real property adjacent to plaintiff's. Defendant Steven Rosenthal is employed by Del Valle Capital Corporation. Plaintiff has sued these six defendants concerning the placement of sewer lines on and across his property.

Plaintiff's amended complaint alleges the following nine causes of action: (1) declaratory relief against all defendants; (2) quiet title against all defendants; (3) trespass against all defendants; (4) private nuisance against all defendants; (5) intentional infliction of emotional distress against all defendants; (6) negligent infliction of emotional distress against Del Valle, Rosenthal, and Swepston; (7) unjust enrichment against Swepston; (8) injunctive relief against all defendants; (9) violation of federal civil rights against the City, City Council, and Miller; and (10) inverse condemnation against the City and City Council. Removal from state court was based on plaintiff's ninth cause of action, which is brought pursuant to 42 U.S.C. § 1983.

Plaintiff's sole federal claim is not at issue in the pending motions. The City defendants seek dismissal of plaintiff's trespass, private nuisance, and intentional infliction of emotional distress claims, i.e., the third, fourth, and fifth causes of action. The City defendants also seek dismissal, as to defendant Miller only, of plaintiff's quiet title claim, i.e., the second cause of action.

Defendant Swepston has filed a cross-complaint alleging claims of private eminent domain and equitable indemnity against plaintiff and the City of Isleton. Plaintiff Calvert seeks dismissal of the cross-claims alleged against him by defendant Swepston.

I. <u>City Defendants' Motion to Dismiss</u>

   A. <u>Second Cause of Action Against Defendant Miller</u>

The City defendants contend that plaintiff's cause of action to quiet title fails to state a claim against defendant Miller because there is no allegation that defendant Miller has an adverse claim against plaintiff's title. In their reply to plaintiff's opposition, the City defendants

note that plaintiff failed to contest their motion to dismiss the quiet title cause of action against defendant Miller. When defendants' counsel raised this issue at the hearing, plaintiff's counsel conceded that the claim should be dismissed. (Tr. of Proceedings on Dec. 1, 2006 (Tr.) at 11:25-12:8.) The undersigned will recommend that plaintiff's quiet title cause of action against defendant Miller be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

      B. <u>Third, Fourth, and Fifth Causes of Action Against All City Defendants</u>

The City defendants contend that plaintiff's causes of action against defendant Miller for trespass, intentional infliction of emotional distress, and private nuisance should be dismissed because defendant Miller is immune from liability for non-negligent actions performed in the scope of his duties as a public employee. The City defendants contend further that the City and City Council are immune from vicarious liability for defendant Miller's actions because defendant Miller is immune. The City defendants assert that they cannot be held directly liable because there are no allegations tying them directly to the conduct complained of by plaintiff in his causes of action for trespass, intentional infliction of emotional distress, and private nuisance.

In response, plaintiff argues that the City defendants misapprehend the nature of this lawsuit. Plaintiff does not dispute the City's right to own and operate a public sewer system but asserts that the City defendants authorized and supervised other defendants' entry onto plaintiff's private property for the purposes of (1) installing a private sewer connection and a pipe for defendant Swepston and (2) replacing an existing pipe that did not belong to the City for defendants Rosenthal and Del Valle Capital Corporation. Plaintiff contends that the immunities cited by the City defendants are not applicable because the City defendants had no lawful right to enter, or allow other defendants to enter, plaintiff's property.

Having considered the parties' arguments at the hearing, as well as the pleadings and all written materials submitted in connection with the City defendants' motion to dismiss the third, fourth, and fifth causes of action, the undersigned finds defendants' arguments unavailing. Defendants' immunity arguments are non-responsive to the allegations of plaintiff's complaint,

and any immunities that may be asserted by the City defendants cannot be resolved on a Rule 12(b)(6) motion, where it is evident that there are genuine issues of material fact in dispute as to the public or private nature of the various sewer lines and connections, and as to defendants' right, if any, to enter plaintiff's property.

Although the City defendants argue that plaintiff's dispute over City actions carried out on private property is better addressed, as a matter of policy, in an inverse eminent domain action or a civil rights action rather than in tort proceedings, the purpose of Rule 12(b)(6) is to eliminate claims that lack a cognizable legal or factual basis. The City defendants have not demonstrated that trespass, intentional infliction of emotional distress, and private nuisance are not cognizable legal claims or that plaintiff's pleading fails to allege sufficient facts to support such claims.

Because it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his third, fourth, and fifth causes of action that would entitle him to relief, the undersigned will recommend that the City defendants' motion to dismiss plaintiff's claims of trespass, intentional infliction of emotional distress, and private nuisance be denied.

II.  Plaintiff's Motion to Dismiss Cross-Claims

Plaintiff seeks dismissal of defendant Swepston's cross-claim for equitable indemnity on the ground that plaintiff has no underlying liability that could give rise to such indemnity. The pro se defendant offered no opposition, either in writing or at oral argument, to plaintiff's motion to dismiss the equitable indemnity claim. Dismissal of the claim is appropriate under California law. See Stonegate Homeowners Ass'n v. Staben, 144 Cal. App. 4th 740, 751 (2006) ("[T]he doctrine of comparative equitable indemnity is designed to do equity among defendants."); Children's Hosp. v. Sedgwick, 45 Cal. App. 4th 1780, 1787 (1996) ("[A]n action for equitable indemnity is premised upon a joint legal obligation to another for damages); Munoz v. Davis, 141 Cal. App. 3d 420, 425 (1983) ("[U]nless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity.").

Because it appears beyond doubt that the cross-complainant can prove no set of facts in support of his equitable indemnity claim which would entitle him to relief from plaintiff, the undersigned will recommend that the cross-claim for equitable indemnity against plaintiff be dismissed.

With regard to the cross-claim for private eminent domain, plaintiff asserts that defendant Swepston has not alleged compliance with the procedures required by California law. In particular, plaintiff argues that defendant Swepston has not alleged the existence of a resolution by which the City Council of the City of Isleton consented to the acquisition of plaintiff's property by eminent domain. Plaintiff argues further that defendant Swepston cannot allege the existence of such a resolution because no resolution has been passed. Plaintiff cites California Code of Civil Procedure Section 1245.330, which provides that a resolution must be adopted before an eminent domain action may be commenced.

In opposition to plaintiff's motion, defendant Swepston does not contend that a resolution has been passed but argues that the existence of a resolution need not be alleged. Defendant Swepston indicates that he wants to preserve a private eminent domain claim in the event that his sewer access is terminated. At oral argument, defendant asserted that he thinks his private eminent domain claim "will be justified down the road" (tr. at 3:14-17), that he proposed the adoption of a resolution four years ago (tr. at 3:18-23), that the City "indirectly" adopted a resolution by means of "a motion and things made at the time" (tr. at 4:6-16), and that he thinks he can prevail under right of eminent domain if the City does not pursue a ruling that the sewer lines at issue are public rather than private (tr. at 4:24-5:2).

Under California law, "[a]ny owner of real property may acquire by eminent domain an appurtenant easement to provide utility service to the owner's property." Cal. Civ. Code § 1001(b) (West 2007).[3] A property owner who seeks a utility easement under Section 1001 of the Civil Code is deemed to be a "quasi-public entity." Cal. Civ. Proc. Code § 1245.325

---

[3] For purposes of Section §1001, the term "utility service" expressly includes sewer service. Cal. Civ. Code § 1001(a) (West 2007).

7

(West 2007). "[A] quasi-public entity may not commence an eminent domain proceeding to acquire any property until the legislative body has adopted a resolution consenting to the acquisition of such property by eminent domain." Cal. Civ. Proc. Code § 1245.330 (West 2007). A complaint presenting a claim of eminent domain is required to contain an allegation of the necessity for the taking and, where the plaintiff is a quasi-public entity, "a reference to the resolution adopted." Cal. Civ. Proc. Code § 1250.310(d)(2).

Here, defendant Swepston, seeking to proceed as a quasi-public entity, has commenced an eminent domain proceeding by means of a cross-complaint in which his required allegation of necessity fails to reference a resolution adopted by the City of Isleton. Defendant Swepston's cross-claim for private eminent domain is legally insufficient and therefore fails to state a claim upon which relief may be granted. It is evident that, as of December 1, 2006, when the pending motions were argued, defendant Swepston could not cure this defect of his cross-claim for private eminent domain against plaintiff. The undersigned will recommend that plaintiff's motion to dismiss the premature claim for private eminent domain be granted. Defendant Swepston may not re-allege a cross-claim for private eminent domain against plaintiff unless and until he can allege a reference to a resolution adopted by the City of Isleton.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The City defendants' September 26, 2006 motion to dismiss be granted as to plaintiff's second cause of action against Jim Miller and denied as to plaintiff's third, fourth, and fifth causes of action against defendants City of Isleton, City Council of Isleton, and Jim Miller; and

2. Plaintiff's October 17, 2006 motion to dismiss defendant/cross-complainant Swepston's cross-claims against plaintiff be granted as to both claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written

1 objections with the court.  Such a document should be captioned "Objections to Magistrate
2 Judge's Findings and Recommendations."  Any reply to objections shall be served and filed
3 within ten (10) days after service of the objections.  The parties are advised that failure to file
4 objections within the specified time may, under certain circumstances, waive the right to appeal
5 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: May 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

10 DAD:kw
Ddad1\orders.prose\calvert1564.f&r.2mtd