IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN CALVERT,

       Plaintiff,                 No. CIV S-06-1564 DAD

   vs.

CITY OF ISLETON, et al.,

       Defendants.

_____/

## **STATUS (PRETRIAL SCHEDULING) ORDER**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on August 3, 2007, at 11:00 a.m.  Grant Richard Brown appeared as counsel for plaintiff.  Michael Eldon Vergara appeared as counsel for defendants City of Isleton, City Council of the City of Isleton, and Jim Miller.  David Lanferman appeared telephonically as counsel for defendants Del

1

Valle Capital Corporation, Inc. and Steven Rosenthal.  Defendant Ronald Swepston, proceeding pro se, also appeared telephonically.  After hearing, the court makes the following findings and orders:

### SERVICE OF PROCESS

All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

### JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to the pleadings is permitted except with leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331, is undisputed, and is hereby found to be proper, as is venue.

### MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by **May 16, 2008**.  The word "completed" in this context means that all law and motion matters must be **heard** on or before the above date.  Because this date is not necessarily a date that will be set aside for law and motion hearings, it is incumbent upon counsel and any party proceeding pro se to contact Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128, sufficiently in advance so as to ascertain the dates upon which law and motion will be heard and to properly notice all motions for hearing on an available date.  Counsel and parties proceeding pro se are cautioned to refer to Local Rule 78-230 regarding the requirements for noticing such motions on a regularly scheduled law and motion calendar.  **Opposition or statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by mail not less than seventeen (17) days preceding the hearing date.**  This paragraph does not

preclude motions for continuances, temporary restraining orders, or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel or a party proceeding pro se after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel or the pro se party shall file the appropriate motion for hearing on or before the law and motion cutoff date set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel and parties proceeding pro se are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL AND PARTIES PROCEEDING PRO SE ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE of MOTIONS IN LIMINE AT THE TIME OF TRIAL.  COUNSEL AND PARTIES PROCEEDING PRO SE ARE ALSO CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND MOTION CUTOFF, SUBSTANTIAL SANCTIONS MAY BE LEVIED AGAINST COUNSEL or PARTIES PROCEEDING PRO SE WHO FAILED TO TIMELY FILE AN APPROPRIATE MOTION.

**DISCOVERY**

All discovery, including expert discovery, remains open, save and except that it shall be so conducted as to be completed by **March 28, 2008**.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes

3

1    relative to discovery shall have been resolved by appropriate order if necessary and, where

2    discovery has been ordered, the order has been complied with.  Motions dealing with discovery

3    matters must comply with the requirements of L.R. 37-251.

4            Plaintiff is required to designate in writing and file with the court and serve upon

5    all other parties the names of all experts that he proposes to tender at trial not later than

6    **February 1, 2008**.  Defendants are to designate in writing and file with the court and serve upon

7    all other parties the names of all experts they propose to tender at trial not later than **February**

8    **15, 2008**.  All experts so designated are to be fully prepared to render an informed opinion at the

9    time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing

10   party.  Experts will not be permitted to testify at the trial as to any information gathered or

11   evaluated, or opinion formed, after deposition taken subsequent to designation.  An expert

12   witness not appearing on said lists will not be permitted to testify unless the party offering the

13   witness demonstrates that:  (a) the necessity of the witness could not have been reasonably

14   anticipated at the time the lists were filed and served; (b) the court and all other parties were

15   promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for

16   deposition.

17                              **FINAL PRETRIAL CONFERENCE**

18           The Final Pretrial Conference is **SET** for **August 8, 2008, at 11:00 a.m.**, before

19   the undersigned.  The parties are cautioned that counsel appearing for Pretrial Conference will in

20   fact try the matter.

21           The parties are to be fully prepared for trial at the time of the Pretrial Conference,

22   with no matters remaining to be accomplished except production of witnesses for oral testimony.

23   Counsel and parties proceeding pro se are referred to Local Rules 40-280 and 16-281 relating to

24   the contents of and time for filing Pretrial Statements.  In addition to the subjects listed in Local

25   Rule 16-281(b), the parties are to provide the court with a plain, concise statement which

26   identifies every non-discovery motion tendered to the court, and its resolution.  A FAILURE TO

4

1    COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE GROUNDS FOR

2    SANCTIONS.

3              Plaintiff and defendants shall each file a separate Pretrial Statement in accordance

4    with the provisions of Local Rule 16-281.  Additionally, the parties are to prepare a <u>JOINT</u>

5    <u>STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  <u>See</u>

6    Local Rule 16-281(b)(3), (4), and (6).  In that joint statement, the undisputed facts and disputed

7    factual issues are to be set forth in two separate sections.  In each section, the parties should

8    identify first the general facts relevant to all causes of action.  After identifying the general facts,

9    the parties should then identify those facts which are relevant to each separate cause of action.  In

10   this regard, the parties are to number each individual fact or factual issue.  Where the parties are

11   unable to agree as to what factual issues are properly before the court for trial, they should

12   nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of

13   the parties and explain by parenthetical the controversy concerning each issue.  The parties

14   should keep in mind that, in general, each fact should relate or correspond to an element of the

15   relevant cause of action.  Notwithstanding the provisions of Local Rule 16-281, the Joint

16   Statement of Undisputed Facts and Disputed Factual Issues shall be filed with plaintiff's Pretrial

17   Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

18             Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide

19   in their separate Pretrial Statements a list of witnesses and exhibits that they propose to proffer at

20   trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement

21   itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial

22   Order.  Plaintiff's exhibits shall be listed **numerically**; defendants' exhibits shall be listed

23   **alphabetically**.  In the event that the alphabet is exhausted, defendants' exhibits shall be marked

24   "2A-2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent standard for the proffering of

25   witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the

26   standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which

1  counsel do not intend to call or use will be viewed as an abuse of the court's processes.

2  Pursuant to Local Rule 16-281(b)(12), each party is required to provide a list of all

3  answers to interrogatories and responses to requests for admission that the party expects to offer

4  at trial.  This list should include only those documents or portions thereof which the party expects

5  to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court,

6  the parties remain free to tender appropriate discovery documents during trial for such purposes

7  as, but not limited to, impeachment or memory refreshment.

8  Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial Statements shall contain

9  a "statement of legal theory, etc."  Each party shall commence this section by specifying as to

10  each claim whether federal or state law governs and, if state law, the state whose law is

11  applicable.

12  Counsel and parties proceeding pro se are reminded that, pursuant to Fed. R. Civ.

13  P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and

14  simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts

15  which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative

16  evidence.  Counsel and parties proceeding pro se must prepare their Pretrial Statements, and

17  participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO

18  DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS, which may include monetary

19  sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as

20  the court deems appropriate.

21  **TRIAL SETTING**

22  The parties anticipate that trial will require five to six court days.  Trial is **SET** for

23  **October 20, 2008, at 10:00 a.m.**, before the undersigned.  Trial will be by jury.

24  **SETTLEMENT CONFERENCE**

25  A Settlement Conference will be set at the time of the Pretrial Conference.  The

26  assigned judge shall not conduct the Settlement Conference unless all parties affirmatively

1 request that the assigned judge participate in the conference and waive in writing any claim of

2 disqualification on that basis to act as trial judge thereafter.  L.R. 16-270(b).

3 　　　　　Counsel are cautioned to have a principal capable of disposition present at the

4 Settlement Conference or to be fully authorized to settle the matter on any terms and at the

5 Settlement Conference.

6 　　　　　**MISCELLANEOUS PROVISIONS**

7 　　　　　**The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), this order**

8 **will not be modified except by leave of court upon a showing of good cause.**  The parties are

9 cautioned that changes to any of the scheduled dates may necessarily result in changes to all other

10 dates.  Thus, even where good cause has been shown, the court may not grant a request to change

11 the discovery cutoff date without modifying the pretrial and trial dates.

12 　　　　　**Agreement by the parties pursuant to stipulation does not constitute good**

13 **cause.  Nor does the unavailability of witnesses or counsel, except in extraordinary**

14 **circumstances, constitute good cause.**

15 　　　　　There appear to be no other matters presently pending before the court that will

16 aid the just and expeditious disposition of this matter.

17 　　　　　IT IS SO ORDERED.

18 DATED: October 3, 2007.

19

20 　　　　　　　　　　　　　　　_____

21 　　　　　　　　　　　　　　　DALE A. DROZD

22 DAD:kw 　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

22 DAD:kw
DDad1/orders.consent/calvert1564.schedord

23

24

25

26