1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN CALVERT,
                                          No. CIV S-06-1564 DAD PS
11              Plaintiff,

12        v.

13   CITY OF ISLETON, et al.,

14              Defendants.            ORDER

15   _____/

16              This case came before the court on May 22, 2009, for hearing of two motions.  In

17   the first motion, plaintiff seeks summary judgment or, in the alternative, summary adjudication

18   with respect to selected claims against defendant Swepston.  (Doc. No. 88.)  The second motion

19   is a joint motion for sanctions filed by plaintiff and defendant City of Isleton against defendant

20   Swepston.  (Doc. No. 94.)  At the hearing on the motions, G. Richard Brown, Esq. appeared for

21   plaintiff.  David Larsen, Esq. appeared for defendant City of Isleton.  No appearance was made

22   by or on behalf of defendant Swepston, who is proceeding pro se in this action.  Nor did

23   defendant Swepston file opposition or a statement of non-opposition to either motion.[1]

24   _____

25        [1] Opposition to a motion must be in writing and must be filed not less than 14 days
     before the hearing.  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a
26   motion at oral arguments if opposition to the motion has not been timely filed by that party."  (Id.)

                                          1

For the reasons stated on the record at the hearing, the court denied the joint motion for sanctions and took the motion for summary judgment or summary adjudication under submission.  For the reasons set forth below, the motion for summary judgment or summary adjudication is now denied.

## BACKGROUND

This case arises from a dispute over sewer lines in the City of Isleton (Isleton).  Plaintiff Steven Calvert owns real property in Isleton.  The City defendants are the City of Isleton, the City Council of Isleton, and Jim Miller, who is now deceased but was the City's building inspector when the dispute arose.  Defendant Swepston owns real property across the road from plaintiff's property.  Defendant Del Valle Capital Corporation owns real property adjacent to plaintiff's, and defendant Steven Rosenthal is an employee of Del Valle Capital Corporation.  Plaintiff has sued these six defendants concerning the placement of sewer lines on and across his property.

Plaintiff's amended complaint alleges nine causes of action:  (1) declaratory relief against all defendants; (2) quiet title against all defendants; (3) trespass against all defendants; (4) private nuisance against all defendants; (5) intentional infliction of emotional distress against all defendants; (6) negligent infliction of emotional distress against Del Valle, Rosenthal, and Swepston; (7) unjust enrichment against Swepston; (8) injunctive relief against all defendants; (9) violation of federal civil rights against the City, City Council, and Miller; and (10) inverse condemnation against the City and City Council.

## PROCEDURAL HISTORY OF THE CASE

Plaintiff commenced this action by filing a complaint in Sacramento County Superior Court on April 14, 2006.  Defendants City of Isleton, City Council of the City of Isleton, and Jim Miller (the City defendants) removed the case to federal court on July 13, 2006, asserting federal question jurisdiction grounded on plaintiff's allegation of a cause of action arising under 42 U.S.C. § 1983.  (Doc. No. 1, Notice of Removal at 2 & Ex. A.)

1          The City defendants filed a motion to dismiss several claims, defendants Del

2  Valle Capital Corporation, Inc. and Steven Rosenthal filed an answer to plaintiff's amended

3  complaint, and defendant Swepston filed an answer along with a cross-complaint in which he

4  alleged counterclaims against plaintiff for private eminent domain and equitable indemnity and

5  alleged a cross-claim of equitable indemnity against co-defendant City of Isleton.  (Docs. No. 10,

6  21, 22, 23.)  Plaintiff moved to dismiss defendant Swepston's counterclaims, while the City

7  defendants filed an answer to defendant Swepston's cross-claim.  (Docs. No. 28, 37.)  After

8  hearing the parties' motions on December 1, 2006, the undersigned recommended that the City

9  defendants' motion to dismiss be granted as to plaintiff's second cause of action for quiet title

10  and denied as to plaintiff's third, fourth, and fifth causes of action for trespass, intentional

11  infliction of emotional distress and private nuisance.  The undersigned recommended further that

12  plaintiff's motion to dismiss defendant Swepston's counterclaims be granted.  (Doc. No. 49.)

13  The findings and recommendations were adopted in full by Judge Ralph R. Beistline, the district

14  judge then assigned to the case.  (Doc. No. 49, Order filed Aug. 2, 2007.)

15          A Status (Pretrial Scheduling) Conference was held on August 3, 2007.  (Doc. No.

16  50.)  After all parties filed consents to proceed before the magistrate judge, the case was

17  reassigned to the undersigned for all further proceedings.  (Doc. No. 56.)  A scheduling order was

18  filed on October 4, 2007.  (Doc. No. 58.)  The City defendants filed their answer to plaintiff's

19  amended complaint, along with a counterclaim against plaintiff.  (Doc. No. 60.)  Upon the filing

20  of plaintiff's answer to the City defendants' counterclaim, the pleadings in this action were

21  complete.  (Doc. No. 62.)

22          By stipulation and order, a Settlement Conference was set for May 22, 2008, and

23  the scheduling order was modified.  (Doc. No. 66.)  The Settlement Conference was subsequently

24  re-set for October 16, 2008, and all dates were vacated, to be re-set if the case did not settle.

25  (Docs. No. 67, 69.)  Although it appeared that a potential tentative settlement agreement had

26  been reached, at that time the parties were unwilling at that time to place any summary of an

3

agreement on the record.  Accordingly, the case did not settle at the October 2008 Settlement

Conference.  Instead, settlement negotiations continued among the parties.  Telephonic status

conferences regarding settlement were held on October 24, 2008 and November 7, 2008.  (Docs.

No. 85, 86, 87.)  The case, however, ultimately was not settled.  On April 16, 2009, plaintiff filed

his motion for summary judgment or summary adjudication.  (Docs. No. 88, 90-93.)  On April

21, 2009, plaintiff and defendant City of Isleton filed their joint motion for sanctions.  (Docs. No.

94-98.)

        After plaintiff filed his summary judgment motion, the court set a status

conference for May 8, 2009 and ordered the parties to file status reports.  (Doc. No. 89.)  Timely

status reports were filed by plaintiff and defendants Del Valle Capital Corporation, Inc. and

Steven Rosenthal.  (Docs. No. 100, 101.)  An untimely status report was filed by the City

defendants.  (Doc. No. 103.)  Defendant Swepston did not file a status report.[2]  At the status

conference, the court determined that no party other than defendant Swepston was willing to

participate in a further settlement conference.  The court indicated its intention to set trial dates

after ruling on the pending motions for summary judgment and for sanctions.[3]

---

[2]  In this district, pro se parties are required to file paper documents.  Local Rule 133(b)(2).  A paper document is filed when it is "delivered into the custody of the Clerk and accepted by the Clerk for inclusion in the official records of the action."  Local Rule 101.  Paper documents to be filed must be delivered or mailed to the Clerk's Office.  Local Rule 133(a).  Documents mailed to chambers or to court staff other than the Clerk of the Court are not "filed" as defined in Local Rule 101.  Documents sent by fax or e-mail are not "filed" as defined in Local Rule 101.

[3]  The case has been a frustrating one for both the parties and the court.  The court in particular has struggled for far too long to attempt to resolve the bulk of the matter on summary judgment.  As discussed below, ultimately the court has concluded that it simply cannot do so based on the motion before it.  If defendant Swepston continues his refusal to properly participate in this civil action, plaintiff may be allowed to seek entry of default and a default judgment against him.  See Smith v. C.I.R., 926 F.2d 1470, 1478 n. 14 (6th Cir. 1991) (noting authority for treating an answering defendant's "failure to defend" under Fed. R. Civ. P. 55(a) as the reverse side of a "failure to prosecute" as used in Fed. R. Civ. P. 41).  In the alternative, if plaintiff wishes to continue with this action, he may be required to proceed to trial against the defendants with defendant Swepston possibly not appearing.  In either event, however, the law requires that plaintiff present evidence proving the allegations of his complaint that are controverted by the

| | |
|---|---|
| 1 | **LEGAL STANDARDS FOR SUMMARY JUDGMENT** |
| 2 | Summary judgment is proper when it is demonstrated "that there is no genuine |
| 3 | issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. |
| 4 | R. Civ. P. 56(c)(2).  See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. |
| 5 | Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992). |
| 6 | The party seeking summary judgment, whether that party is the plaintiff or the |
| 7 | defendant, "always bears the initial responsibility of informing the district court of the basis for |
| 8 | its motion" and of identifying those portions of the pleadings, the discovery and disclosure |
| 9 | materials on file, and any affidavits that, in the party's view, demonstrate the absence of a |
| 10 | genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the |
| 11 | party moving for summary judgment will bear the burden of proof at trial, the party must come |
| 12 | forward with evidence that would entitle it to a directed verdict if the evidence were |
| 13 | uncontroverted at trial.  Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). |
| 14 | "If a moving party fails to carry its initial burden of production, the non-moving |
| 15 | party has no obligation to produce anything, even if the nonmoving party would have the |
| 16 | ultimate burden of persuasion."  Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 |
| 17 | F.3d 1099, 1102-03 (9th Cir. 2003).  If the moving party meets its initial burden, the burden of |
| 18 | production then shifts to the non-moving party to establish that a genuine issue as to any material |
| 19 | fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 |
| 20 | |

| | |
|---|---|
| 21 | answers on file and establishing his entitlement to the relief requested.  See TeleVideo Sys., Inc. |
| 22 | v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (due process requires plaintiffs seeking default judgements to make out a prima facie case showing entitlement to judgment); Moore v. |
| 23 | United Kingdom, 384 F.3d 1079, 1090 (9th Cir. 2004) (where the allegations of a plaintiff's complaint are insufficient, defendant's failure to appear for trial does not entitle plaintiff to |
| 24 | judgment in his favor); see also Thomas v. Housing Authority of the County of Los Angeles, No. CV 04-6970 MMM (RCx), 2005 WL 6136432, at *10 (C. D. Cal. June 3, 2005) (noting that |
| 25 | California law distinguishes between judgments entered by default and judgements entered following a defendant's failure to appear for trial and explaining that the latter is the plaintiff's |
| 26 | sole remedy where a defendant has answered and then fails to appear at a trial of which they have notice). |

1    (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v.

2    County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).  The non-moving party must

3    demonstrate that a fact in contention is material, i.e., a fact that might affect the outcome of the

4    suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a

5    reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc.,

6    477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d

7    626, 630 (9th Cir. 1987).

8            The standard described above "mirrors the standard for a directed verdict under

9    Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under

10   the governing law, there can be but one reasonable conclusion as to the verdict."  Liberty Lobby,

11   477 U.S. at 250 (citing Brady v. v. Southern R. Co., 320 U.S. 476, 479-80 (1943)).  Thus, the

12   inquiry under the standard for a directed verdict and under the standard for summary judgment

13   "is the same:  whether the evidence presents a sufficient disagreement to require submission to a

14   jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

15   Put another way, the "purpose of summary judgment is to 'pierce the pleadings and to assess the

16   proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587

17   (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

## PLAINTIFF'S ARGUMENTS AND EVIDENCE

19           Plaintiff seeks an order granting summary judgment on four of the eight causes of

20   action alleged against defendant Swepston in plaintiff's first amended complaint.  At issue are

21   plaintiff's Second (Quiet Title), Third (Trespass), Fourth (Private Nuisance), and Eighth

22   (Injunctive Relief) causes of action.[4]

23   /////

24

25           [4] Plaintiff does not seek summary judgment with respect to his First (Declaratory Relief),
     Fifth (Intentional Infliction of Emotional Distress), Sixth (Negligent Infliction of Emotional
26   Distress), and Seventh (Unjust Enrichment) Causes of Action.

Plaintiff contends that there are no disputed material facts regarding (a) plaintiff's ownership of property (the Calvert property) in the City of Isleton; (b) defendant Swepston's lack of any right, title or interest in the Calvert property; (c) defendant Swepston's illegal trespass on the Calvert property by maintaining sewer lines there against plaintiff's express wishes; (d) defendant Swepston's maintenance of a public nuisance in the form of sewer lines on plaintiff's property; and (e) plaintiff's entitlement to an injunction prohibiting defendant Swepston from continuing to maintain sewer lines on the Calvert property.  In the absence of any disputed material facts as to these matters, plaintiff contends that he is entitled to judgment as a matter of law on his claims of quiet title, trespass, private nuisance, and injunctive relief.

Plaintiff's points and authorities consist of a list of the four causes of action at issue with citations to five California statutes or statutory schemes, one treatise, and one federal rule of civil procedure.  Plaintiff offers no discussion of the authorities cited and no analysis of the elements of the causes of action at issue.  Plaintiff supports his motion with a statement of five undisputed facts, supported in turn by citations to five exhibits.

Plaintiff's Undisputed Fact 1 is that he owns the property commonly identified as 205 Second Street, Isleton, California and also known as portions of Lots 3 and 4 Block 2 on Plat of the City of Isleton filed in Book 20 of Maps, Map No. 23, Sacramento County records, as described in the deed to Steven Calvert in Book 790216 page 563 ("the Calvert Property").  Plaintiff cites Exhibit A to his Separate Statement of Undisputed Material Facts in this regard. (Doc. No. 91, Pl.'s Exs. to Separate Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J, Ex. A.)  Exhibit A is a declaration by Charles Whitecotton, plaintiff's expert witness, in which Whitecotton states his qualifications, describes his examination of the title to plaintiff's Isleton property, and reiterates his conclusion that he "did not find any recorded sewer or leach line easements or any other type of easements over the Calvert parcel."  Attached to the Whitecotton declaration are copies of declarant's resume, his expert report and the cover letter previously filed in this case on February 1, 2008 as part of plaintiff's expert disclosure.  (Doc.

1  No. 63 at 1 & Ex. B.)

2      Plaintiff's Undisputed Fact 2 is that there are no other ownership interests in the

3  Calvert property other than plaintiff's own and that neither Ronald Swepston nor the City of

4  Isleton holds an interest permitting the installation of sewer lines on plaintiff's property.  In this

5  regard, plaintiff cites his Exhibits A and B, the latter of which is an agreement between plaintiff

6  and defendant Swepston.  By this document, defendant Swepston agreed, as a condition for using

7  plaintiff's sewer lateral for sewer hook-up, to approach plaintiff each year and request permission

8  to use plaintiff's sewer lateral as a hook-up.  Although plaintiff asserts that the document was

9  signed on October 28, 2003, the document bears that date for plaintiff's signature and a date of

10  October 28, 2007 for defendant Swepston's signature.  (Doc. No. 91, Exs. A & B.)

11      Plaintiff's Undisputed Fact 3 is that defendant Swepston signed the agreement

12  described in the preceding paragraph.  In this connection, plaintiff cites his Exhibit C, which is a

13  copy of defendant Swepston's answer to plaintiff's amended complaint.  Defendant Swepston

14  "admits that he signed the agreement attached to the First Amended Complaint as Exhibit C."

15  The copy of plaintiff's complaint attached to the defendants' Notice of Removal (Doc. No. 1, Ex.

16  C to Ex. A) shows that Exhibit C to the First Amended Complaint is a copy of the agreement

17  described in the preceding paragraph.  (Doc. No. 91, Ex. C ¶ 1(c).)

18      Plaintiff's Undisputed Fact 4 is that defendant Swepston installed sewer lines on

19  the Calvert property.  Plaintiff again cites his Exhibit C, i.e., defendant Swepston's answer.

20  Plaintiff fails to cite specific paragraphs of the pleading but the court notes that therein defendant

21  Swepston admits "he is the owner of the real property . . . adjacent to the Calvert property," "the

22  drain line from his property is connected to the drain line on plaintiff's property," "the City

23  authorized the Swepston Line on Calvert's Property," and "the Sleeper Line runs between the

24  Swepston Property and the De [sic] Valle Property, beneath the Calvert Property."  (Doc. No. 91,

25  Ex. C ¶ 1(a), (d), (g), (h).)

26  /////

1          Plaintiff's Undisputed Fact 5 is that Swepston's claims of an interest in the

2    Calvert property by virtue of the right of private eminent domain and/or equitable indemnity

3    "have been dismissed by the Court with prejudice." (Doc. No. 93 at 2.)  In this regard, plaintiff

4    cites his Exhibits D and E, which are copies of the cross-complaint filed by defendant Swepston

5    on September 26, 2006 and the order signed by Judge Beistline on August 1, 2007.  The order

6    reflects that Judge Beistline adopted in full the recommendation of the undersigned that

7    plaintiff's motion to dismiss defendant Swepston's cross-claims be granted.  (Doc. No. 91, Ex. E

8    at 2.)  There is no mention of dismissal with prejudice in that order.  Moreover, the undersigned

9    found that defendant Swepston's claim for private eminent domain was premature and should be

10   dismissed "unless and until [defendant Swepston] can allege a reference to a resolution adopted

11   by the City of Isleton." (Doc. No. 40, Findings & Recommendations at 8.)

12                                    **ANALYSIS**

13         The documents cited by plaintiff as exhibits to plaintiff's statement of undisputed

14   facts are already part of the record in this action and judicial notice of them is unnecessary.

15         The court finds that even if some of the undisputed facts asserted by plaintiff are

16   true or partially true, plaintiff has not established that he is entitled to judgment as a matter of law

17   on any claim on which he seeks summary judgment in his favor.  Plaintiff has not offered any

18   analysis of the elements of the claims upon which he seeks summary judgment .  In addition,

19   plaintiff has not even argued, much less demonstrated, that he has a private right of action to

20   enforce criminal trespass under California Penal Code § 602,[5] and his mere reference to Witkin's

21   Summary of California Law, without any discussion, is insufficient to support the claim of

22   trespass.  Similarly, plaintiff's mere citation to Federal Rule of Civil Procedure 65 falls far short

23   of meeting the requirements for obtaining injunctive relief pursuant to the well established

---

24         [5]  In general, criminal statutes do not provide a private cause of action or a basis for civil

25   liability.  See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district

26   court's dismissal of sixteen claims based on California Penal Code sections because "these code
     sections do not create enforceable individual rights").

1   standards for such relief.

2          Plaintiff, as the party seeking summary judgment, has failed to bear his initial

3   responsibility of identifying evidence demonstrating the absence of a genuine issue of material

4   fact as to all of the elements of each claim at issue.  That failure is coupled with a failure to

5   demonstrate entitlement to summary judgment on those claims as a matter of law.  Plaintiff has

6   not come forward with evidence that would entitle him to a directed verdict at trial.

7          At the hearing on plaintiff's motion for summary judgment, plaintiff urged the

8   court to grant his motion on the ground that it was unopposed.  Under the authorities set forth

9   above, it is evident that plaintiff was required to carry his own initial burden of production before

10  triggering the non-moving party's obligation to produce evidence establishing that a genuine

11  issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co., 475 U.S. at

12  586; Nissan Fire & Marine Ins. Co., 210 F.3d at 1102-23.  While some district courts have rules

13  providing generally that failure to file opposition to a motion may be deemed a waiver of any

14  opposition to the granting of that motion, the Eastern District of California's version of such a

15  rule applies only to motions filed in prisoner actions, and incarcerated litigants are provided with

16  ample warning of the consequences of not filing opposition to a motion.  See Local Rule 230(l).

17         The Ninth Circuit has held that "a nonmoving party's failure to comply with local

18  rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its

19  entitlement to judgment as a matter of law."  Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir.

20  2003).  As the Ninth Circuit has explained,

21              "it is highly questionable that in light of the standards of Rule 56
                that a local rule can mandate the granting of summary judgment for
22              the movant based on a failure to file opposing papers where the
                movant's papers are themselves insufficient to support a motion for
23              summary judgment or on their face reveal a genuine issue of
                material fact." . . .  The party opposing the motion is under no
24              obligation to offer affidavits or any other materials in support of its
                opposition.  Summary judgment may be resisted and must be
25              denied on no other grounds than that the movant has failed to meet
                its burden of demonstrating the absence of triable issues.

26  /////

                                        10

1    Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (quoting Hamilton v.

2    Keystone Tankship Corp., 539 F.2d 684, 686 n.1 (9th Cir. 1976)).

3              Granting summary judgment for failure to respond timely, or to respond at all, to a

4    motion for summary judgment, as required by a local rule, would make summary judgment serve

5    improperly as a mere sanction for noncompliance with local rules.  Marshall v. Gates, 44 F.3d

6    722, 724 (9th Cir. 1995).  Accordingly, "[a] district court may not grant a motion for summary

7    judgment simply because the nonmoving party does not file opposing material, even if the failure

8    to oppose violates a local rule."  Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994) (citing

9    Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993)).  Moreover, requiring entry of

10   summary judgment merely because no papers opposing the motion are filed or served, without

11   regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56.

12   Henry, 983 F.2d at 950.  See also Couveau v. Am. Airlines, Inc., 218 F.3d 1078, 1081-82 (9th

13   Cir. 2000) ("[W]e have repeatedly held that a motion for summary judgment cannot be granted

14   simply because the non-moving party violated a local rule."); Evans v. Indep. Order of Foresters,

15   141 F.3d 931, 932 (9th Cir. 1998) (holding that it was legal error to grant a motion for summary

16   judgment pursuant to a local rule providing that failure to respond to a motion constitutes

17   consent, without determining whether the defendant's moving papers showed that no genuine

18   issues of material fact existed).

19             Having carefully considered the parties' pleadings and all written materials

20   submitted in connection with plaintiff's motion for summary judgment or summary adjudication,

21   along with plaintiff's arguments in open court, the court had determined that plaintiff has not

22   come forward with sufficient evidence and analysis to demonstrate that he would be entitled to a

23   directed verdict if his evidence were uncontroverted at trial.  Plaintiff's motion for summary

24   judgment or summary adjudication must therefore be denied.

25   /////

26   /////

**FURTHER PROCEEDINGS**

This case will now be set for Final Pretrial Conference and Jury Trial.

IT IS ORDERED that:

1.  Plaintiff's April 16, 2009 motion for summary judgment or, in the alternative, summary adjudication (Doc. No. 88) is denied;

2.  Discovery and law and motion practice are now closed;

3.  A Status Conference is set for October 29, 2010, at 11:00 a.m., in Courtroom 27, before the undersigned;

4.  All parties shall appear at the Status Conference by counsel or in propria persona if acting without counsel.  Telephonic appearance will be permitted.  To arrange telephonic appearance, a party must contact Pete Buzo, courtroom deputy to the undersigned magistrate judge, at (916) 930-4128 no later than 4:00 p.m. on October 27, 2010;

5.  Each party shall file and serve a status report on or before October 15, 2010; the status report shall address the scheduling of Final Pretrial Conference and Jury Trial and shall estimate the time needed for trial.

DATED: September 20, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.consent\calvert1564.pmsj.order

12